*EDWARD PAPE v. STANDARD OIL CO.

CONTRACT TO DECEIVE PUBLIC UNENFORCEABLE.

A contract to deceive and practice a fraud upon the public, such as the agreement of the vendor of a business to continue it in his own name for the benefit of vendee, under which arrangement the latter received a benefit from the public which otherwise it would not have received, is invalid and unenforceable in any action, notwithstanding complainant has fully performed his part. The maxim, "*Ex turpi causa non oritur actio,*" applies to such transaction.

ERROR to Hamilton common pleas court.

Plaintiff was formerly the driver of an oil wagon for one J. W. Austin, an oil dealer, who sold out to the Standard Oil Company along in 1894. He continued as driver on the old route after the sale, and, at the request of the company, placed his own name upon the wagon instead of that of the Standard Oil Company. He alleged in his petition

*Affirming *Pope* v. *Standard Oil Co.* 13 Dec. 751.

that in consideration therefor the company agreed to pay him $15 a week, and in addition thereto the reasonable worth of his services on account of his holding himself out as the owner of the route. He worked under this arrangement for seven years, rendering bills during that time in his own name, and leading the public in various ways to believe that he was the owner of the route. The company refused to pay him anything beyond $15 per week, and after its refusal to do so, he brought suit for $10,500 for the special services so rendered during the seven years.

**David Davis,** for plaintiff in error.

**J. R. Jordan,** for defendant in error.

**SWING, J.**

The gist of the plaintiff's action is thus stated in his petition: "Plaintiff further avers that if the various customers knew that the Standard Oil Company was furnishing the oil, that it (The Standard Oil Company) would lose all of its customers; and by reason of said knowledge, and knowing that it would lose said customers if it were made known that the defendant, The Standard Oil Company, was the owner of said route; and for the further reason that the Standard Oil Company instructed and directed said plaintiff to state that he was the owner of said oil route, and by his name, the defendant, The Standard Oil Company, reaped a great profit which it otherwise would not have received; and by placing his name upon said oil wagon, and by rendering bills and receipting them in his own name and making it known to the various customers that he was the owner of said oil route, his services in that respect were valuable and profitable to the defendant, and that for such services in using the name of the plaintiff said defendant, The Standard Oil Company, made a great profit."

In other words the plaintiff's claim is founded on an agreement with the defendant to lie to and deceive and defraud the public, and having thoroughly performed his part of the contract, he asks a court of justice to compel the defendant to perform its part.

"*Ex turpi causa non oritur actio*," is a maxim of the law. Broom's Leg. Max. 729.

In *Wight* v. *Rindskopf*, 43 Wis. 344, 348, the court say:

"They do not hold, we know of no case which does, that when a contract is in terms *contra bonos mores*, it is necessary for the defendant to plead the objection; or that a court will proceed to judgment upon it, both parties even assenting. If the objection be not made by the party charged, it is the duty of the court to make it on its own

behalf. Courts owe it to public justice and to their own intergrity, to refuse to become parties to contracts essentially violating morality or public policy, by entertaining actions upon them. It is judicial duty always to turn a suitor upon such a contract out of court, whenever and however the character of the contract is made to appear."

No other authorities need be cited. The judgment should be affirmed.

**Giffen** and **Jelke, JJ.,** concur.